IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Matt A. Rogers, individually and on behalf of
others similarly situated,

        Plaintiff,

v.

SWEPI LP and Shell Energy Holding GP, LLC,

        Defendants.

Case No: 2:16-cv-999

Judge Graham

Opinion and Order

In a February 9, 2018 order, this court denied the motion of defendants SWEPI LP and Shell Energy Holding GP, LLC to compel arbitration. Defendants subsequently filed a notice of interlocutory appeal to the United States Court of Appeals for the Sixth Circuit. This matter is now before the court on the motion of defendants to stay all proceedings pending appeal.

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). The district court, however, retains jurisdiction to "enforce its judgment," "proceed with matters that will aid the appellate process" and "adjudicate matters unrelated to the issues on appeal." Williamson v. Recovery Ltd. P'ship, 731 F.3d 608, 626 (6th Cir. 2013). "[A]n appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues involved in the case." Weaver v. Univ. of Cincinnati, 970 F.2d 1523, 1528-29 (6th Cir. 1992).

The Federal Arbitration Act (FAA) provides that an interlocutory appeal may be taken of a district court's decision to deny a motion to compel arbitration. 9 U.S.C. § 16(a)(1); see also Turi v. Main St. Adoption Servs., LLP, 633 F.3d 496, 501 (6th Cir. 2011) (recognizing the FAA's grant of jurisdiction to hear a party's interlocutory appeal of the denial of a motion to compel arbitration).

The issue of whether the filing of an appeal under § 16 divests the district court of jurisdiction over further proceedings in the case has created a circuit split. The first court of appeals to address the issue, the Ninth Circuit, took a narrow view of the language in Griggs that a district control is divested of control "over those aspects of the case involved in the appeal." See Britton v.

1

Co-op Banking Group, 916 F.2d 1405 (9th Cir. 1990). It held that the underlying legal merits of a case are not involved in an appeal over the arbitrability of the dispute. Id. at 1411-12. The court further expressed its concern that a rule otherwise would "allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration." Id. at 1412.

The Seventh Circuit reached a contrary holding in Bradford–Scott Data Corp., Inc. v. Physician Computer Network, Inc., 128 F.3d 504 (7th Cir. 1997). The court took a broader view of the language in Griggs and found, "Whether the case should be litigated in the district court is not an issue collateral to the question presented by an appeal under § 16(a)(1)(A) . . . it is the mirror image of the question presented on appeal." 128 F.3d at 505. Noting the Supreme Court's admonition in Griggs that a district court and court of appeals should not "assert jurisdiction over a case simultaneously," the court reasoned that "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." Id. The court further found that a rule otherwise would undercut the benefits under the FAA of allowing parties to elect for "faster and cheaper" dispute resolution. Id. at 506 ("[C]ombining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending."). Finally, the court believed that the Ninth Circuit's concern regarding frivolous appeals could be addressed by allowing an appellee to move to dismiss an appeal as frivolous. Id.

A majority of circuits have followed the Seventh Circuit, reasoning that the "core subject of an arbitrability appeal is the challenged continuation of proceedings before the district court on the underlying claims." Levin v. Alms & Assocs., 634 F.3d 260, 264-66 (4th Cir. 2011) (adding that in the case of a frivolous appeal, the district court may certify the appeal as frivolous). See also Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215 n.6 (3rd Cir. 2007) (adopting a "rule of automatic divestiture where the Section 16(a) appeal is neither frivolous nor forfeited"); McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1162-63 (10th Cir. 2005); Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1251 (11th Cir. 2004) ("The only aspect of the case involved in an appeal from an order denying a motion to compel arbitration is whether the case should be litigated at all in the district court."); Bombadier Corp. v. Nat'l R.R. Passenger Corp., No. 01–7125, 2002 WL 31818924 (D.C. Cir. Dec.12, 2002).

The Second and Fifth Circuits have joined the Ninth Circuit's approach, finding that only the arbitrability issue is involved in the appeal. See Motorola Credit Corp. v. Uzan, 388 F.3d 39, 54 (2d Cir. 2004) ("We now . . . explicitly adopt the Ninth Circuit's position that further district court

proceedings in a case are not 'involved in' the appeal of an order refusing arbitration . . . ."); Weingarten Realty Investors v. Miller, 661 F.3d 904 (5th Cir. 2011) ("A determination on the arbitrability of a claim has an impact on what arbiter – judge or arbitrator – will decide the merits, but that determination does not itself decide the merits.").

The Sixth Circuit has not addressed whether the filing of an appeal under § 16 of the FAA divests the district court of jurisdiction over further proceedings. Nearly all of the district courts in the circuit to have reached this issue have adopted the Seventh Circuit's approach. See Redmond v. NPC Int'l, Inc., No. 13-1037, 2015 WL 3537428, at *3 (W.D. Tenn. June 4, 2015) ("Determining which path to follow when faced with divergent authority may not, of course, be solved by mere arithmetic, but the Court finds the Seventh Circuit's reasoning to be well-founded. A valid arbitration agreement generally removes disputes within its scope from federal court."); Wallace v. Fortune Hi-Tech Mktg., Inc., No. CV 11-127-JBC, 2012 WL 12924977, at *1 (E.D. Ky. Nov. 15, 2012); Dental Associates, P.C. v. Am. Dental Partners of Michigan, LLC, No. 11–11624, 2012 WL 1555093, at *2–3 (E.D. Mich. Apr. 30, 2012); Cambio Health Solutions, LLC v. Reardon, 228 F.Supp.2d 883, 885-86 (M.D. Tenn. 2002). But see Tillman v. Macy's Inc., No. 11–10994, 2012 WL 12737, at *1-2 (E.D. Mich. Jan. 4, 2012).

Judges of this court have uniformly held that an appeal under § 16 divests the district court of jurisdiction. See Shy v. Navistar Int'l Corp., No. 3:92-cv-333, 2014 WL 1818907, at *4 (S.D. Ohio May 7, 2014); Huffman v. Hilltop Companies, LLC, No. 1:13-cv-00219, 2014 WL 695844, at *1 (S.D. Ohio Feb. 24, 2014); Levy v. Cain, Watters & Associates, P.L.L.C., No. 2:09-cv-723, 2010 WL 2560395, at *2 (S.D. Ohio June 23, 2010); Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc., No. 2:07-cv-116, 2009 WL 10679587, at *1 (S.D. Ohio Jan. 7, 2009). In so holding, these cases have cited language in the Sixth Circuit's decision in Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dept. of Natural Resources, 71 F.3d 1197 (6th Cir. 1995), which indicates at a minimum that the Sixth Circuit views the filing of a notice of appeal from an interlocutory order as an event of jurisdictional significance:

> It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal. See, e.g., Keohane v. Swarco, Inc., 320 F.2d 429, 432 (6th Cir. 1963) (holding void orders entered by a district court after notice of appeal from interlocutory order), *aff'd per curiam*, 328 F.2d 615 (6th Cir. 1964).

71 F.3d at 1203.

This court is persuaded by the reasoning of the majority of appellate courts and the other decisions of this court. Accordingly, the court finds that it is without jurisdiction to proceed with the case and defendants' motion to stay all proceedings pending appeal (doc. 34) is GRANTED. This action is hereby STAYED.

                                                    s/ James L. Graham
                                                    JAMES L. GRAHAM
                                                    United States District Judge

DATE: April 6, 2018